UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

| | |
|---|---|
| **WAYNE BAILEY, INC.,** | **CASE NO. 18-00284-5-SWH** |
| Debtor. | **CHAPTER 11** |

## SECOND MOTION TO MODIFY CONFIRMED PLAN

NOW COMES Wayne Bailey, Inc., Chapter 11 Reorganized Debtor ("Debtor"), by and through its undersigned Counsel, and hereby moves the Court, pursuant to (i) Section 1127(a) of the Bankruptcy Code and (ii) Article XII of the Debtor's Confirmed Plan, for entry of an Order amending Debtor's First Amended Plan of Reorganization, attached as Exhibit A to the Court's Order Confirming First Amended Plan of Reorganization entered on October 2, 2018 (the "Confirmed Plan"), to allow for the immediate payment of approved fees for counsel for the Debtor subject to the carve-out limitations. In support of this Motion, Debtor respectfully shows the Court the following:

1. This matter is a core proceeding pursuant to 28 U.S.C. 157, and the Court has jurisdiction pursuant to 28 U.S.C. §§151, 157 and 1334, as well as pursuant to Article XVIII of the Confirmed Plan.

2. The Debtor filed a voluntary petition seeking relief under chapter 11 of the Bankruptcy Code on January 21, 2018.

3. An Order Confirming First Amended Plan of Reorganization was entered by the Court on October 2, 2018 (D.E. 655) ("Confirmation Order"). An Order Allowing Modification to Confirmed Chapter 11 Plan was entered on December 4, 2018, which increased the amount of the carve out for Special Counsel.

4. On February 22, 2018, the Court entered an Order employing Trawick H. Stubbs, Jr., and Stubbs & Perdue, P.A. as counsel for the Debtor.

5. The Confirmed Plan provided a Carve-Out for certain professionals, including counsel for the Debtor. The Carve-Out for counsel for the Debtor was set forth in Class 5, paragraph 8(c), of the Confirmed Plan, and provides for a total Carve-Out of $500,000.00 for counsel for the Debtor. Of this sum, $300,000.00 remains available under the Carve-Out to pay counsel for the Debtor.

6. Counsel for the Debtor presently has approved fees totaling $222,812.16 which remain unpaid. Counsel for the Debtor has also filed a fee application totaling $116,321.93, a portion of which is for fees and expenses incurred prior to the Effective Date of the Plan.

7. Paragraph 6(b) of Class 5 requires that Allowed PACA Claims first be paid prior to the payment of approved professionals. Paragraph 8(b) allows for payment from cash on hand, subject to the Carve-Out limits after the Effective Date of the Plan. Class 12, PACA Trust Claims, provides that claimants with Allowed PACA Claims, determined by a Final Order, are to be paid in full, within 45 days of the Effective Date, with an escrow for any undetermined PACA Claims.

8. The Debtor seeks to modify the portions of the Class 5 and Class 12 Plan treatments that require all PACA Claims to be determined by a Final Order or a reserve set aside for the full amount of their potential claim, prior to allowing for payment of the remaining Carve-Out amounts.

9. To date, only a small portion of the PACA Claims actually filed with the Court have been determined by a Final Order, totaling approximately $717,000. There is one appeal pending following the denial of a PACA Claim. The Debtor is awaiting rulings or Orders on the remaining PACA Claims. In addition, one PACA Claim is included as one of the issues to mediated in a pending adversary proceeding, with the mediation scheduled for January 9, 2019. The timing

of the determination of these claims by a Final Order after any appeals are filed and resolved is presently unknown, resulting in an unknown delay in the payment of the approved professional fees for Debtor's counsel absent a modification to allow an earlier payment.

10. Section 1127(b) of the Bankruptcy Code, governing post-confirmation modification of a confirmed plan of reorganization, provides:

> The proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan and before substantial consummation of such plan, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title. Such plan as modified under this subsection becomes the plan ***only if circumstances warrant such modification*** and ***the court, after notice and a hearing, confirms such plan as modified, under section 1129 of this title.***

11 U.S.C. § 1127(b) (emphasis added); see Goodman v. Phillip R. Curtis Enters., Inc. (In re Goodman), 809 F.2d 228 (4th Cir. 1987) (bankruptcy court could not *sua sponte* modify plan, modification had to be sought by proper party under § 1127(b)). Any post-confirmation modification must also comply with §§ 1122, 1123, and 1125 of the Bankruptcy Code, and, after notice and a hearing, must be confirmed by the bankruptcy court pursuant to § 1129 of the Bankruptcy Court. See In re Downtown Inv. Club III, 89 B.R. 59, 65 (B.A.P. 9th Cir. 1988) (material modification is improper where debtor did not give affected creditor notice and did not comply with §§ 1125 and 1129).

11. Generally, § 1127(b) of the Bankruptcy Code also places a temporal restraint on such post-confirmation modifications, by providing that the modification must take place *before* the plan is substantially consummated. Archway Homes, Case No. 12-02226-8-SWH, at 4-5; see Airadigm Communs., Inc. v FCC (In re Airadigm Communs., Inc.), 547 F.3d 763, 769 (7th Cir. 2008) ("a plan cannot be modified for any reason after substantial consummation"); see also In re Best Products Co., Inc., 177 B.R. 791, 802 (S.D.N.Y. 1995) (noting that after a confirmed plan has been substantially consummated, "[t]he court cannot adopt any modification that materially alters

the plan and adversely affects a claimant's treatment" (citations omitted)), aff'd, 68 F.3d 26 (2d Cir. 1995). Section 1101(2) defines substantial consummation. In this case, the Plan has not been substantially consummated, as all property proposed to be transferred under the Plan has not yet occurred, and distributions have not yet occurred to all classes of creditors under the Plan.

12. Allowed fees and expenses for counsel for the Debtor constitute a cost of administration pursuant to Article III (A) of the Confirmed Plan, which are superior to any junior priority claims and to any Class 18 allowed unsecured claims under the Confirmed Plan. Payment of any allowed fees and expenses made post-confirmation would not be from any "Net Proceeds of Sales" as that term is defined in Paragraph 31 of the Confirmed Plan, and, consequently, payments of such allowed fees pursuant to an agreed Class 5 Carve-out does not affect creditor classes to be paid from such defined Net Proceeds of Sale.

WHEREFORE, the Debtor respectfully requests the Court enter an Order:

1. Allowing and approving the Motion and directing payment of the professional fees to counsel for the Debtor up to the Carve-Out limitations, upon entry of an Order approving the Motion;

2. Allowing and approving the amendment to the Plan described herein; and

3. Granting such other and further relief as the Court may deem appropriate.

Respectfully submitted this 7th day of December, 2018.

        s/Trawick H. Stubbs, Jr.
        TRAWICK H. STUBBS, JR.
        N.C. State Bar No. 4221
        STUBBS & PERDUE, P.A.
        P.O. Box 1654
        New Bern, NC 28563
        Telephone: 252-633-2700
        tstubbs@stubbsperdue.com
        Attorney for Debtor