**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION**

IN RE:
**WAYNE BAILEY, INC.**                              **CASE NO.: 18-00284-5-SWH**
                                                    **CHAPTER 11**
       **DEBTOR.**

**RESPONSE TO WAYNE BAILEY, INC.'S SECOND
MOTION TO MODIFY CONFIRMED PLAN**

Southern Roots Farming Company, LLC ("Southern Roots"), by and through its undersigned attorneys, hereby responds and objects to the Debtor's Second Motion to Modify Confirmed Plan [D.E. 745], said Motion having been filed on December 7, 2018 (the "Motion"). In opposition to the Motion, Southern Roots shows unto the Court as follows:

1. Wayne Bailey, Inc. ("Debtor") filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code on January 21, 2018 ("Petition Date").

2. The Court entered its Order Confirming the First Amended Plan of Reorganization on October 2, 2018 [D.E. 655] (the "Confirmation Order"). The Plan is hereafter referred to as the "Confirmed Plan."

3. Southern Roots is a claimant in this case under the Perishable Agricultural Commodities Act ("PACA"), codified at 7 U.S.C. § 499a, *et seq*.

4. PACA creates a statutory trust to protect unpaid sellers and suppliers of perishable agricultural commodities (the "PACA Trust"). Section 499e(c)(2) defines the *corpus* of the PACA Trust as all produce, including all inventories of food or other products derived from produce, and receivables or proceeds from the sale of produce or its products. 7 U.S.C. § 499e(c)(2). The trust also extends to all inventory purchased from a commingled account, *Sanzone-Palmisano Co. v. M. Seaman Enters., Inc.,* 986 F.2d 1010 (6th Cir. 1993), and to any other assets acquired with PACA trust funds. *In re Kornblum & Co., Inc.*, 81 F.3d 280 (2d Cir. 1996); *In re Atlantic Tropical Market Corp.*, 118 B.R. 139 (Bankr. S.D. Fla. 1990).

5. The trust *corpus* includes, but is not limited to, the cash from which the Debtor seeks to pay administrative expenses if the Motion is allowed.

6.    Because PACA trust assets are considered assets in which the Debtor has mere possession, they are not considered part of the Debtor's estate.  11 U.S.C. § 541(d); 49 Fed. Reg. 45735, 45738; *In re Southland & Keystone*, 132 B.R. 632 (9th Cir. BAP 1991); *In re Long John Silver's Restaurants, Inc.*, 230 B.R. 29, 32 (Bankr. D. Del. 1999).  As a result, PACA's trust provisions have the effect of placing unpaid produce sellers "first in line among creditors for all produce-related assets if the produce dealer declares bankruptcy."  *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154 (11th Cir. 1990); see also, *In re Kornblum & Co.*, 81 F.3d 280; *Sanzone-Palmisano Company*, 986 F.2d 1010.  "It is clear from the terms of the PACA amendments and from the supporting legislative history that Congress intended to create a *priority* status for unpaid produce claimants, priming even the administrative claims which normally stand first in line in a bankruptcy distribution." *In re Fresh Approach, Inc.*, 51 B.R. 412, 420 (Bankr. N.D. Tex. 1985) (emphasis in original).  "Allowing a defunct PACA trustee to pay other creditors with PACA funds before the seller is paid in full would frustrate [the purpose of PACA], and would be contrary to the language of PACA and its accompanying regulations."  *C.H. Robinson Company v. Alanco Corp.*, 239 F.3d 483, 488 (2d Cir. 2001).

7.    Class 12 of the Confirmed Plan provides that claimants with allowed PACA Claims are to "be paid in full within forty-five days of the Effective Date; provided however, that in the event a PACA Claim has not been determined by Final Order as of the Effective Date, the Debtor shall escrow the funds which would otherwise be paid to such PACA Claimant until a Final Order is entered."

8.    The Motion seeks to modify the Confirmed Plan to allow payment of administrative expenses from cash on hand prior to payment of PACA Claims, a plain violation of the PACA trust and all jurisprudence on this issue.  The use of the funds for this purpose would be contrary to the Debtor's duty to escrow the funds necessary to pay PACA Claimants under Class 12 of the Confirmed Plan.  The Motion should not be allowed.

9.    There is no legal authority for payment of administrative expenses from PACA trust funds.  On the contrary, the Second Circuit has expressly held that even attorneys' whose work benefitted the PACA trust cannot be paid with PACA trust assets so long as trust creditors remain unpaid.  *C.H. Robinson Company*, 239 F.3d at 488.  "Whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code."  *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 108 S.Ct. 963 (1988).

10. The Debtor has already paid some $700,000.00 in administrative expenses from the PACA trust funds. On December 4, 2018, this Court directed the Debtor to present the Court with a solution for this very serious problem. Instead, the Debtor seeks to utilize *more* of the PACA trust funds to pay administrative expenses.

11. Southern Roots does not consent to the use of PACA trust funds for payment of administrative expenses.

12. Circumstances do not warrant a modification of the Confirmed Plan.

WHEREFORE, Southern Roots prays unto the Court as follows:

1. That the Debtor's Second Motion to Modify Confirmed Plan be DENIED; and

2. For such other and further relief as to the Court seems just and proper.

This the 11th day of December, 2018.

> **McCARRON & DIESS**
> Attorney for Southern Roots
> Farming Co., LLC
> 707 Walt Whitman Road, Second Floor
> Melville, New York 11747
> Telephone: (631) 425-8110
> gbrown@mccarronlaw.com
>
> By:  */s/ Gregory Brown*
>      Gregory Brown
>      NY Bar No. 4366498
>
> **DAVID F. MILLS, P.A.**
> Attorney for Southern Roots
> Farming Co., LLC
> 1559-B Booker Dairy Rd.
> Smithfield, NC 27577
> Telephone: (919) 934-7235
> Facsimile: (919) 989-1529
> david@mills-law.com
>
> By:   */s/ David F. Mills*
>       David F. Mills
>       State Bar No: 18326

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILMINGTON DIVISION**

IN RE:

**WAYNE BAILEY, INC.**                                  **CASE NO.: 18-00284-5-SWH**
                                                        **CHAPTER 11**
       **DEBTOR.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he is and at all times hereinafter mentioned was, more than eighteen (18) years of age and that on this day copies of the Response of Southern Roots Farming Company, LLC, to Debtor's Second Motion to Modify Confirmed Plan were served as follows:

**VIA First Class Mail**
Wayne Bailey, Inc.
P.O. Box 467
Chadbourn, NC 28431

| **VIA CM/ECF** | **VIA CM/ECF** |
|---|---|
| John C. Bircher, III | Trawick H. Stubbs, Jr. |
| *Counsel for UCC* | Laurie Biggs |
|  | *Counsel for Debtor* |

**VIA CM/ECF**
Marjorie K. Lynch
*Bankruptcy Administrator*

I certify under penalty of perjury that the foregoing is true and correct.

DATED: December 11, 2018.

                          **DAVID F. MILLS, P.A.**
                          Attorney for Southern Roots Farming Company, LLC
                          1559-B Booker Dairy Rd.
                          Smithfield, NC 27577
                          Telephone: (919) 934-7235
                          Facsimile: (919) 989-1529

                          By:   */s/ David F. Mills*
                                David F. Mills
                                State Bar No: 18326