**SO ORDERED.**

**SIGNED this 8 day of January, 2019.**

_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# WILMINGTON DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| WAYNE BAILEY, INC., | CASE NO. 18-00284-5-SWH |
| Debtor. | |

### ORDER ALLOWING DEBTOR'S OBJECTION TO PACA CLAIM NO. 80 FILED BY MILLSTREAM FARMING, LLC

The matter before the Court is the "Objection to PACA Claim No. 80 Filed by Millstream Farming, Inc." [Dkt. 380] ("Objection") filed by Wayne Bailey, Inc. ("Debtor") on June 6, 2018. A response to the Objection was filed by Millstream Farming, LLC ("Millstream") on June 29, 2018 [Dkt. 456]. A hearing was held in Raleigh, North Carolina on October 31, 2018. After a review of the case record, the evidence presented at the hearing on October 31, 2018, and the parties' arguments, the Court makes the following FINDINGS OF FACT and CONCLUSIONS OF LAW:

### Findings of Fact

1. The Debtor filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code on January 21, 2018 ("Petition Date").

2. On March 5, 2018, the Court entered a Consent Order Establishing Exclusive Procedures for the Assertion, Resolution, and Satisfaction of Claims Arising Under the Perishable Agricultural Commodities Act [Dkt. 139] (the "PACA Claims Procedures Order"). The PACA Claims Procedure Order set a "PACA Claims Bar Date" of April 16, 2018 and set the "Deadline to Object to PACA Proofs of Claim" as May 16, 2018. The PACA Claims Procedures Order provided that "All parties in interest shall have the right to object to all or a portion of the amount, validity, or enforceability of any PACA Claim filed."

3.    On May 10, 2018, the Court entered an *Ex Parte* Order Extending Time Within Which to Object to PACA Proofs of Claim [Dkt. 303] to an including June 6, 2018 within which all parties in interest may file an objection to all or a portion of the amount, validity, or enforceability of any PACA Claim filed.

4.    On April 13, 2018, Millstream filed a PACA Proof of Claim No. 80 in the amount of $1,063,736.52 (the "PACA Proof of Claim") asserting a claim under the Perishable Agricultural Commodities Act (hereinafter "PACA") as a claim protected by the PACA statutory trust provisions. Millstream attached fourteen (14) exhibits to its PACA Proof of Claim.

5.    The $1,063,736.52 PACA claim amount asserted by Millstream is based on approximately 103 separate sweet potato transactions that occurred between Millstream and the Debtor between June 1, 2017 and September 14, 2017 (hereinafter collectively referred to as the "2017 Sweet Potato Transactions").

6.    Millstream provided the Debtor with a separate invoice for each of the 2017 Sweet Potato Transactions. Exhibit 3 attached to the PACA Proof of Claim contains the invoices submitted by Millstream to the Debtor for the 2017 Sweet Potato Transactions (such invoices are hereinafter referred to collectively as the "Invoices"). All of the Invoices submitted by Millstream to the Debtor for the 2017 Sweet Potato Transactions contain "Net 30" payment terms.

7.    On September 8, 2016, prior to the date the 2017 Sweet Potato Transactions began, the Debtor and Millstream agreed to a payment term for future sweet potato transactions whereby the Debtor was to pay Millstream within forty-five (45) days from the date the sweet potatoes were sold to the Debtor and shipped from Millstream's facilities (hereinafter the "45-Day Payment Term"). The date the sweet potatoes were sold to the Debtor and shipped from Millstream's facilities is also the date the Debtor gained ownership, possession and control of the sweet potatoes. The agreement between the Debtor and Millstream established the 45-Day Payment Term is evidenced by a written email exchange between the Debtor and Millstream occurring on September 7 and 8, 2016.

8.    As of the date the 2017 Sweet Potato Transactions began—June 1, 2017—the Debtor and Millstream had not entered into any agreement to change the 45-Day Payment Term established on September 8, 2016. The 45-Day Payment Term was thus in existence at the time the 2017 Sweet Potato Transactions began and it applied to all of the individual transactions comprising the 2017 Sweet Potato Transactions. The 45-Day Payment Term that applied to the 2017 Sweet Potato Transactions conflicts with the "Net 30" payment term contained on the Invoices submitted by Millstream to the Debtor for the 2017 Sweet Potato Transactions.

### Conclusions of Law

9.    PACA is designed to protect sellers that supply perishable agricultural commodities to buyers on a "cash" or "short-term credit" basis. *See In re Davis Distributors*, 861 F.2d 416, 417 (1988). "The maximum time for payment for a shipment to which a seller, supplier, or agent can agree, prior to the transaction, and still be eligible for benefits under the trust is 30 days after receipt and acceptance of the commodities…." 7 C.F.R. § 46.46(e)(2). If a seller fails to comply

with the requirement set forth in 7 C.F.R. § 46.46(e)(2), it will be ineligible to participate in the PACA statutory trust. *See In re Davis*, 861 F.2d 416. Millstream did not comply with the requirement set forth in 7 C.F.R. § 46.46(e)(2) when it agreed to the 45-Day Payment Term. Rather, prior to the 2017 Sweet Potato Transactions, Millstream agreed to a payment term that allowed the Debtor more than thirty (30) days to pay for the sweet potatoes after they were received and accepted by the Debtor. This 45-Day Payment Term, which (i) was evidenced by a writing, (ii) was established by the parties prior to the 2017 Sweet Potato Transaction, and (iii) which applied to the 2017 Sweet Potato Transactions, disqualified Millstream from participation in the PACA trust for the amounts owed pursuant to the 2017 Sweet Potato Transactions. For this reason, Millstream's PACA Proof of Claim must be denied.

10. Additionally, a seller loses its eligibility to participate in the PACA statutory trust if (i) the seller agrees to a payment term that differs from the payment terms established by PACA's regulations (*see* 7 C.F.R. § 46.2(z)) and (ii) the seller fails to accurately set out the agreed-upon payment term on its "invoices, accountings and other documents relating to the transaction." *See* 7 U.S.C. § 499e(c)(3); 7 C.F.R. § 46.46(f)(1)(ii); 7 C.F.R. § 46.46(f)(3)(ii); *see also C&G Peppers, LLC v. Ebro Foods, Inc. (In re Ebro Foods, Inc.)*, 449 B.R. 759 (N.D. Ill. 2011). Millstream's Invoices submitted to the Debtor for the 2017 Sweet Potato Transactions all contained payment terms—Net 30—that conflicted with the actual payment term in existence between the parties—the 45-Day Payment Term. For this reason, Millstream was ineligible for participation in the PACA statutory trust as it relates to the amounts owed for the 2017 Sweet Potato Transactions.

## Conclusion

For the reasons stated above, the Objection is **ALLOWED** and Millstream's PACA Proof of Claim is denied as a PACA claim.

**END OF DOCUMENT**