UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

**WAYNE BAILEY, INC.**

                  **DEBTOR.**

CASE NO. 18-00284-5-SWH
CHAPTER 11

---

**JOHN C. BIRCHER, III, PLAN TRUSTEE FOR WAYNE BAILEY, INC. and WAYNE BAILEY, INC.,**

            *Plaintiffs*,

vs.

**ATLANTIC CORPORATION OF WILMINGTON, INC. d/b/a ATLANTIC PACKAGING,**

            *Defendant.*

ADV. PRO. NO. 19-_____-5-SWH

---

## COMPLAINT

**NOW COME** Plaintiffs JOHN C. BIRCHER, III, PLAN TRUSTEE FOR WAYNE BAILEY, INC. (the "Plan Trustee"), and WAYNE BAILEY, INC. (the "Debtor") (the Plan Trustee and the Debtor are collectively referred to herein as, "Plaintiffs"), by and their through undersigned counsel, and complaining of Defendant ATLANTIC CORPORATION OF WILMINGTON, INC. d/b/a ATLANTIC PACKAGING ("Defendant"), hereby allege, assert, and state as follows:

### INTRODUCTION AND NATURE OF ACTION

1. This is an action, commenced by Plaintiffs, against Defendant, seeking avoidance, recovery, and preservation for the benefit of the estate, those payments and transfers totaling

$82,385.51, that were made to Defendant within the ninety-day period preceding the filing of the above-captioned chapter 11 bankruptcy proceeding, as preferential transfers pursuant to §§547(b) and 550 of the Bankruptcy Code, as well as seeking disallowance of the proof of claim filed by Defendant, Claim No. 66, pursuant to § 502(d) of the Bankruptcy Code and Rule 3007(b) of the Federal Rules of Bankruptcy Procedure.

## JURISDICTION, AUTHORITY, AND VENUE

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157, and 1334, and it is a "core proceeding" because it seeks determination, avoidance and recovery of a preference, id. § 157(b)(2)(F), arises in and concerns matters affecting the administration of estate in the above-captioned case, see id. §157(b)(2)(A), and affects rights duly established, and relates to the adjustment of the debtor-creditor relationship, under the Bankruptcy Code. Id. §157(b)(2)(O).

3. The Court has jurisdiction to enter a final and dispositive Order in this matter; however, and to the extent the Court finds a claim for relief asserted herein to be a non-core proceeding, Plaintiffs consent to entry of a final Order in this matter in accordance with 28 U.S.C. § 157(c)(2).

4. This Court possesses the requisite authority to hear this matter and grant the relief requested by Plaintiffs herein, pursuant to the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391, 1408 and 1409, as all of the actions complained of and giving rise to the claims alleged herein arose in this judicial district, within which Plaintiffs and Defendant reside and regularly conducts their respective business operations and affairs.

6.      All of the prepetition transfers at issue were completed and undertaken within, or utilized the services of, individuals, entities, and persons located within the State of North Carolina.

## IDENTIFICATION OF THE PARTIES

7.      The Debtor, a corporation formed and existing under the laws of the State of North Carolina, with a principal place of business in Chadbourn, Columbus County, North Carolina, is a fourth-generation family business engaged in the growth, packing, marketing, shipping, and sale of sweet potatoes, of which it sells more than 100 million pounds annually.

8.      The Plan Trustee, an individual citizen and resident of Craven County, North Carolina, is an attorney with WHITE & ALLEN, P.A., who was appointed and entrusted with the performance of the following duties pursuant to the terms of the Order Confirming First Amended Plan of Reorganization [D.E. 655]:

> From and after the Effective Date, the Plan Trustee shall serve under this Plan and shall discharge all of the rights, powers, and duties set forth in this Plan. The Plan Trustee, acting on behalf of the Debtor, shall have the following rights, powers and duties: (i) to employ and compensate the professionals as the Plan Trustee may select to carry out its duties under this Plan; (ii) to review, investigate and (if appropriate) object to or seek equitable subordination of Claims against the Estate except for those rights to equitable subordination released by this Plan; (iii) to investigate, prosecute and/or settle (as provided in this Plan) all Causes of Action; (iv) to voluntarily engage in arbitration or mediation with respect to any Cause of Action; (v) to calculate and make all distributions to be made pursuant to this Plan that are to be made by the Plan Trustee; (vi) to seek estimation of contingent or unliquidated Claims under Section 502(c) of the Bankruptcy Code; (vii) to review, investigate and (if appropriate) object to the claim(s) of any creditor; and (viii) to take all other actions in furtherance of the implementation of this Plan. The Plan Trustee shall not be disqualified from hiring any professional because such professional previously represented the Debtor or any creditor of the Debtor, if in the business judgment of the Plan Trustee, such prior representation will not cause an actual conflict of interest in the representation to be undertaken.[1]

(Emphasis added).

---

[1] All capitalized terms, including "Causes of Action," are given the definitions ascribed in the First Amended Plan of Reorganization [D.E. 459], as confirmed by the Confirmation Order.

9. The term "Causes of Action," to which the Plan Trustee was given authority to investigate, prosecute and/or settle includes, *inter alia*, "[c]laims pursuant to 11 U.S.C. §§ 362, 510, 542, 543, 544 through 550, or 553 . . . ." Order Confirming First Amended Plan of Reorganization [D.E. 655] at 6.

10. Defendant, a corporation formed and existing under the laws of the State of North Carolina, is an entity doing business in, and subject to service of process pursuant to Rule 7004(b)(3) of the Federal Rules of Bankruptcy Procedure throughout, the United States of America.

11. Defendant, upon information and belief, provides industrial packaging equipment, materials, resources, and engineering services to a variety of customers, across numerous industries, including the agricultural industry, from its sixteen (16) facilities located across the United State of America and its two (2) international facilities located in the Dominican Republic and Honduras.

12. The registered agent for Defendant, accepting service of process at 806 North 23rd Street, Wilmington, North Carolina 28405, is Rodger D. Teague.

**FACTUAL ALLEGATIONS**

13. The Debtor filed a voluntary petition seeking relief under chapter 11 of the Bankruptcy Code on January 21, 2018 (the "Petition Date"), BK Case No. 18-00284-5-SWH (the "Bankruptcy Case").

14. On October 2, 2018, in the Bankruptcy Case, the Court entered an Order Confirming First Amended Plan of Reorganization [D.E. 655] (the "Confirmation Order"), which confirmed the First Amended Plan of Reorganization [D.E. 459] proposed by the Debtor,

as amended and modified (the "Plan") (the Plan and the Confirmation Order are collectively referred to herein as, the "Confirmed Plan").

15. Prior to the Petition Date, Defendant sold and furnished to the Debtor packaging materials, goods, and other products, subject to net thirty-day payment terms, which required payment—in full—within thirty (30) calendar days of the date of the underlying invoice.

16. Prepetition, and within ninety (90) days prior to the Petition Date (the "Preference Period"), the Debtor remitted payments to, or for the benefit of, Defendant (collectively, the "Transfers"), each of which are particularly described on **EXHIBIT A** attached hereto, and are incorporated herein by reference.

17. The total amount of the Transfers made by the Debtor, to Defendant, and during the Preference Period, is $82,385.51.

18. Each of the Transfers represents a payment, made by the Debtor, to Defendant, by check drawn upon the operating account of the Debtor that was maintained at SunTrust Bank, Account No. **********4830 (the "SunTrust Operating Account"), which were applied towards the outstanding balance owed by the Debtor for packaging materials and goods previously delivered and furnished by Defendant. Copies of the checks, drawn upon the SunTrust Operating Account, and negotiated by Defendant, are attached hereto as **EXHIBIT B** and incorporated herein by reference.

19. On the dates of each of the Transfers were made, and received by Defendant, it held an unsecured claim against the Debtor, arising from goods, products, or packaging materials that were previously furnished, sold, and provided by Defendant, to the Debtor.

20. On October 24, 2017, the outstanding balance owed by the Debtor, for packaging materials and goods previously furnished and shipped by Defendant, exceeded $19,914.99.

21. On November 1, 2017, the outstanding balance owed by the Debtor, for packaging materials and goods previously furnished and shipped by Defendant, exceeded $11,819.45.

22. On November 15, 2017, the outstanding balance owed by the Debtor, for packaging materials and goods previously furnished and shipped by Defendant, exceeded $6,338.93.

23. On November 15, 2017, the outstanding balance owed by the Debtor, for packaging materials and goods previously furnished and shipped by Defendant, exceeded $6,338.93.

24. On November 27, 2017, the outstanding balance owed by the Debtor, for packaging materials and goods previously furnished and shipped by Defendant, exceeded $5,896.81.

25. On November 30, 2017, the outstanding balance owed by the Debtor, for packaging materials and goods previously furnished and shipped by Defendant, exceeded $5,126.57.

26. On December 12, 2017, the outstanding balance owed by the Debtor, for packaging materials and goods previously furnished and shipped by Defendant, exceeded $6,014.33.

27. On December 18, 2017, the outstanding balance owed by the Debtor, for packaging materials and goods previously furnished and shipped by Defendant, exceeded $5,392.20.

28. On January 2, 2018, the outstanding balance owed by the Debtor, for packaging materials and goods previously furnished and shipped by Defendant, exceeded $5,379.08.

29. On January 11, 2018, the outstanding balance owed by the Debtor, for packaging materials and goods previously furnished and shipped by Defendant, exceeded $5,462.99.

30. On January 16, 2018, the outstanding balance owed by the Debtor, for packaging materials and goods previously furnished and shipped by Defendant, exceeded $4,701.23.

31. Each of the Transfers were in payment to Defendant of previously-incurred unsecured indebtedness that was due and owing by the Debtor.

32. On the Schedules and Statement of Financial Affairs [BK D.E. 56, 57, 67], as amended and modified (collectively, the "Schedules"), filed in the Bankruptcy Case, Defendant was duly scheduled by the Debtor as an unsecured creditor on Schedule E/F:

| 3.13 | Nonpriority creditor's name and mailing address<br>Atlantic Corporation<br>Attn: Manager or Agent<br>P.O. Box 60002<br>Charlotte, NC 28260<br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>Basis for the claim: __<br>Is the claim subject to offset? ■ No  ☐ Yes | $20,919.23 |
|---|---|---|---|

Copies of the Voluntary Petition [BK D.E. 1], Schedules, and Statement of Financial Affairs [BK D.E. 56] and Amended Statement of Financial Affairs [BK D.E. 67], filed by the Debtor in the Bankruptcy Case, is attached hereto as **EXHIBIT C** and incorporated herein by reference.

33. Official Form 206Sum, entitled "Summary of Assets and Liabilities for Non-Individuals," which was filed along with the Schedules and Statement of Financial Affairs [D.E. 56], reveals that that Debtor owned total assets of $18,623,408.02, and total liabilities of approximately $27,153,125.47, as of the Petition Date.

34. The Debtor's liabilities ($27,153,125.47), exceeded the value of its assets and property ($18,623,408.02), by at least $8,529,717.45, as of the Petition Date.

35. The Debtor's liabilities exceeded the value of its assets and property, when each of the Transfers occurred.

36. Debtor was presumed to be insolvent on the dates that each of the Transfers occurred, pursuant to 11 U.S.C. § 547(f).

37. On March 30, 2018, Defendant filed a proof of claim, Claim No. 66, in the Bankruptcy Case, asserting an unsecured claim against the Debtor in the amount of $20,919.23 (the "Atlantic Claim" or the "Atlantic POC"), a copy of which is attached hereto as **EXHIBIT D** and incorporated herein by reference.

## FIRST CLAIM FOR RELIEF
### Avoidance of Preferential Transfers
[11 U.S.C. § 547(b)]

38. Plaintiffs reallege and incorporate herein by reference all the allegations contained in the Complaint as if fully set forth in their entirety.

39. The Transfers and were each a direct and voluntary or involuntary conveyance, disposal, or parting with monetary funds and monetary amounts belonging to the Debtor.

40. The Transfers that were made to, and received by, Defendant, each constitute a "transfer" within the meaning set forth in § 101(54) of the Bankruptcy Code.

41. Each of the Transfers was made to, or for the benefit of, Defendant.

42. At all times relevant hereunder, and including during the Preference Period, Defendant was a creditor of the Debtor.

43. Defendant, at all times relevant hereunder, was the initial transferee of the Transfers or the entity for whose benefit each of the Transfers of the Debtor's interest in property were made.

44. At all times relevant hereunder, and when the Transfers were made, Defendant was a "creditor" of the Debtor, as that term is defined under §101(10) of the Bankruptcy Code, because Defendant held a claim against the Debtor that arose prior to the Petition Date.

45. Each of the Transfers were made by the Debtor, on account of an antecedent debt owed to Defendant, which arose prior to the Petition Date.

46. When each of the Transfers were made to Defendant, the Debtor was indebted to Defendant for amounts in excess of the respective values of each of the Transfers.

47. None of the Transfers made to Defendant, by the Debtor, were in the ordinary course of business or financial affairs of the Debtor and Defendant, as each of the Transfers were outside the net-30 payment terms imposed by Defendant.

48. Defendant, in exchange for each of the Transfers, did not provide the Debtor with "new value," as defined by § 547(a)(2) of the Bankruptcy Code.

49. Each of the Transfers were made to, and received by, Defendant, while the Debtor was "insolvent," as that term is defined under § 101(32) of the Bankruptcy Code.

50. The Debtor's insolvency is demonstrated and evidenced by the Voluntary Petition, Schedules, and Statement of Financial Affairs [D.E. 1, 56, 57, 67] that were filed in the Bankruptcy Case on January 21, 2018, January 30, 2018, and February 1, 2018, which reveal that Debtor, as of the Petition Date, had total assets of $18,623,408.02, and total liabilities of $27,153,125.47.

51. At all times relevant hereunder, and during the Preference Period, and up to and including the Petition Date, as evidenced by the foregoing comparison, the Debtor's liabilities exceeded the value of its assets and property on the dates that each of the Transfers occurred.

52. On each of the days the Transfers were made to Defendant, the Debtor was insolvent.

53. The Debtor was, likewise, presumed to be insolvent on each of the days that the Transfers occurred pursuant to 11 U.S.C. § 547(f).

54. Receipt of the Transfers, enabled Defendant to receive more than it would have otherwise received if—

    A. The Debtor sought relief under chapter 7 of the Bankruptcy Code;

    B. The Transfers of the Debtor's interest in property had not been made; and

    C. Defendant received payment of its claims to the extent provided by the Bankruptcy Code.

55. Based upon the foregoing, Plaintiffs are entitled to avoidance of the Transfers totaling $82,385.51, all of which were made to Defendant within the ninety-day period preceding the Petition Date, as preferential transfers pursuant to § 547(b) of the Bankruptcy Code.

## SECOND CLAIM FOR RELIEF
**Recovery and Preservation of Avoided Transfers for the Benefit of the Estate**
[11 U.S.C. §550]

56. Plaintiffs reallege and incorporate herein by reference all the allegations contained in the Complaint as if fully set forth in their entirety.

57. Defendant is the initial transferee of the Transfers or the entity for whose benefit said transfers were made.

58. Plaintiffs are entitled to have and recover judgment against Defendant, in the amount of $82,385.51, representing the value of the Transfers that were made within the ninety-day period preceding the Petition Date for the benefit of the estate pursuant to § 550 of the Bankruptcy Code.

## THIRD CLAIM FOR RELIEF
**Disallowance of Claim**
[11 U.S.C. § 502(d)]

59. Plaintiffs reallege and incorporate herein by reference all the allegations contained in the Complaint as if fully set forth in their entirety.

60. Section 502(d) of the Bankruptcy Code provides as follows:

> [T]he Court *shall disallow* any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

11 U.S.C. § 502(d) (emphasis added).

61. Defendant filed the Atlantic POC, in the Bankruptcy Case on March 30, 2018, in the amount of $20,919.23.

62. The Atlantic POC, asserted by Defendant in the Bankruptcy Case, should be disallowed to the extent any portion was procured in violation of the provisions of the Bankruptcy Code, including §§ 547(b) and 550, as described and alleged herein.

63. The Transfers, as alleged and described above, are each avoidable and recoverable as a preferential transfer under §§ 547(b) and 550 of the Bankruptcy Code.

64. The value of the Transfers, which are avoidable pursuant to § 547(b) of the Bankruptcy Code, exceeds the amount asserted in the Atlantic POC, by approximately $61,466.28.

65. Prior to the commencement of the above-captioned adversary proceeding, and consistent with his duties under the Confirmed Plan, the Plan Trustee requested—from Defendant—return of the Transfers.

66. Defendant, in response to the request from the Plan Trustee, refused to return the Transfers.

67. As of the filing of this Complaint, and despite the request by the Plan Trustee, the Transfers—which were acquired by Defendant in violation of the provisions of the Bankruptcy Code—have not been returned nor tendered to Plaintiffs.

68. Accordingly, and pursuant to § 502(d), the Atlantic POC is subject to disallowance in the amount of the Transfers until the full value of the Transfers are returned, turned over, and/or otherwise paid to Plaintiffs.

69. By virtue of the foregoing and to the extent the Atlantic POC is not otherwise disallowed in full, Plaintiffs are entitled to a judgment and Order from this Court, pursuant to §§ 502(d), 542(a), 547(b), and 550(a) of the Bankruptcy Code, disallowing the Atlantic POC asserted by Defendant, in full, unless and until Defendant remits the Transfers, plus interest allowed by law.

## PRAYER FOR RELIEF

**WHEREFORE,** and based upon the foregoing, Plaintiffs pray that the Court grant the following relief:

1. Have and recover judgment against Defendant, avoiding the sum of $82,385.51, in payments and transfers that were made to, and received by, Defendant within the ninety-day period preceding the filing of the Bankruptcy Case, as preferential transfers pursuant to § 547 of the Bankruptcy Code.

2. Have and recover judgment against Defendant, in the amount of $82,385.51, or in such other amount as determined by the Court, pursuant to § 550 of the Bankruptcy Code.

3. Have and recover interest on any judgment amount at the maximum legal rate from the date of the filing of this Complaint until paid, with any recovery being for the benefit of, and preserved for, the bankruptcy estate pursuant to §550(a) of the Bankruptcy Code.

4. Disallowing the Atlantic POC, in full or to the extent of the Transfers, pursuant to § 502(d) of the Bankruptcy Code, unless and until Defendant has paid and returned the Transfers to Plaintiffs, plus applicable interest as allowed by law.

5.  Awarding Plaintiffs such further relief as the court may deem just and proper.

Respectfully submitted this, the 18th day of February, 2019.

**STUBBS & PERDUE, P.A.**

BY: s/Joseph Z. Frost

JOSEPH Z. FROST (NCSB No. 44387)
jfrost@stubbsperdue.com

9208 Falls of Neuse Road, Suite 201
Raleigh, North Carolina 27615
T: (919) 870-6258
F: (919) 870-6259

Counsel for Plaintiff John C. Bircher, III, Plan Trustee for Wayne Bailey, Inc. and Plaintiff Wayne Bailey, Inc.