UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| WAYNE BAILEY, INC., ) | CASE NO.: 18-00284-5-SWH |
| ) | Chapter 11 |
| Debtor ) | |
| ) | |

**OBJECTION TO PLAN TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE WITH TRINITY FROZEN FOODS, LLC [DE 857]**

Millstream Farming, LLC, Millstream Farms, Inc., Seven Mile, LLC, Henry Chancy and Laurie Chancy (collectively, "Millstream"), by and through its undersigned counsel, hereby objects, on the basis set forth below, to the Plan Trustee's Motion for Approval of Compromise with Trinity Frozen Foods, LLC filed on February 14, 2019 [DE 857] (the "Motion"). In support of this Objection, Millstream shows unto the Court as follows:

1. In summary, the proposed compromise violates Millstream's rights under the Equipment Lease, the Collateral Assignment of Lease, a prior order of this Court, and the confirmed Plan. Therefore, the Motion should be denied.

2. On or about November 10, 2017, the Debtor (as lessor) and Vette Investments, LLC (as lessee) executed an Equipment Lease Agreement for the lease of certain equipment (the "Equipment Lease").

3. A copy of the Equipment Lease is attached to the Motion.

4. Also on or about November 10, 2017, the Debtor (as lessor/assignor), Vette Investments, LLC (as lessee), and Millstream (as assignee)

executed a Collateral Assignment of Lease Agreement (the "<u>Collateral Assignment of Lease</u>").

6. A copy of the Collateral Assignment of Lease is attached hereto as "**<u>Exhibit A</u>**" and is incorporated herein by reference as if completely set forth.

6. The Collateral Assignment of Lease provides, in relevant part, as follows:

> 1. <u>Assignment</u>. As additional security for all debts, liabilities and obligations of every type and description which Lessor may now or at any time hereafter owe to Assignee, whether or not reasonably contemplated by the Parties as of the date hereof (collectively, the "Obligations"), Lessor hereby collaterally assigns to Assignee *all of Lessor's right, title, and interest in and to* the following described property, now owned and hereafter acquired, all rights, remedies, benefits and privileges related thereto, and all proceeds thereof: *The Lease and any and all rights to receive payment thereunder*, including but not limited to the right to receive payment of rent thereunder and the right to receive payment of the option price upon closing of the purchase option thereunder.
>
> 2. <u>Payment to Assignee</u>. Lessor hereby *irrevocably authorizes and directs Lessee to pay, and Lessee shall pay, directly to Assignee*, at 1131 Timothy Road, Dunn NC 28334 (or at such other address as Assignee from time to time may direct), as and when as they become due, all payments now or hereafter owed to Lessor under the Lease (including but not limited to payments of rent thereunder and the payment of the option price upon closing of the purchase option thereunder) unless and until Assignee notifies Lessee in writing that all Obligations have been paid in full. *Lessor shall not give to Lessee any demand, notifications or instructions contrary to the foregoing.* Assignee shall apply payments received by Lessee toward the Obligations in such manner as Assignee may determine in its discretion.

(emphasis added)

7. Subsequently, Vette Investments, LLC assigned its interest in the Equipment Lease to Trinity Frozen Foods, LLC.

8. On June 12, 2018, this Court entered a Consent Order [DE 394] lifting the automatic stay authorizing Millstream to "receive, collect, negotiate, and apply toward the secured obligations to Millstream . . . [the] payments due or to become due under the Equipment Lease."

9. Class 11, Section 3(a), of the confirmed Plan [DE 655] provides that "Millstream shall retain all of its liens with the characteristics, nature, extent, and priorities thereof, as existed on the Petition Date."

10. Class 11, Section 3(b), of the confirmed Plan provides: "The Millstream Secured Claim remaining after sales of its collateral will be paid up to the value of the equity in the retained collateral determined as follows: . . . (iv) the collateral assignment of the Equipment Lease valued at $501,839.40. . . ."

11. Class 11, Section 3(c), of the confirmed Plan provides that "Millstream will collect, receive, and retain all payments under the Lease."

12. Class 16, Section 3, of the confirmed Plan provides as follows: "Pursuant to Section 365 of the Code, the Debtor hereby assumes the Equipment Lease. Trinity Frozen Foods, LLC shall make all payments to Millstream Farming, LLC."

13. As quoted above, pursuant to the Collateral Assignment of Lease, the Debtor collaterally assigned to Millstream all of its "right, title, and interest in and to . . . [t]he Lease and any and all rights to receive payment thereunder." Thus, until such time as Millstream's secured claim is paid in full, neither the Debtor nor any party claiming by or through the Debtor (such as the Plan Trustee) has the right to terminate the Lease. Furthermore, pursuant to the Collateral Assignment of Lease, the Consent Order, and the confirmed Plan, neither the Debtor nor the Plan Trustee has the power to take away Millstream's right to collect the payments due or to become due under the Equipment Lease. That right,

along with all other rights, titles and interests under the Equipment Lease (including the right to sue Trinity to collect the past due rent), is vested solely in Millstream and was part of the bargained-for exchange in the confirmed Plan.

WHEREFORE, Millstream prays unto the Court as follows:

1. That a hearing be conducted on the Motion and this Objection thereto.

2. That the Motion be denied.

3. That it have such other and further relief as the Court may deem just and proper.

This the 7th day of March, 2019.

/s/ *Luther D. Starling, Jr.*
Luther D. Starling Jr.
N.C. State Bar I.D. No.: 17603
E-mail: lewstarling@dwlslaw.com
For the firm of
Daughtry, Woodard, Lawrence & Starling, LLP
Post Office Drawer 1960
Smithfield, NC 27577
Attorneys for Millstream Farming, LLC,
  Millstream Farms, Inc., Seven Mile, LLC, Henry
  Chancy and Laurie Chancy

/s/ *J. Michael Fields*
J. Michael Fields
N.C. State Bar I.D. No.: 018170
E-mail: jmf@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 8088
Greenville, NC 27835-8088
Telephone: 252.215.4000
Facsimile: 252.215.4077
Attorneys for Millstream Farming, LLC,
  Millstream Farms, Inc., Seven Mile, LLC, Henry
  Chancy and Laurie Chancy

CERTIFICATE OF SERVICE

I hereby certify that the foregoing **OBJECTION TO PLAN TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE WITH TRINITY FROZEN FOODS, LLC [DE 857]** was filed electronically in accordance with the local rules and was therefore served electronically on those entities that have properly registered for such electronic service.  Entities not registered for electronic service have been served by depositing a copy thereof in the United States mail, postage pre-paid:

| | | |
|---|---|---|
| Wayne Bailey, Inc.<br>P.O. Box 467<br>Chadbourn, NC  28431 | Laurie B. Biggs<br>*Served via CM/ECF* | Trawick H. Stubbs, Jr.<br>*Served via CM/ECF* |
| Parker Worth Rumley<br>*Served via CM/ECF* | John C. Bircher, III<br>*Served via CM/ECF* | |

This the 7th day of March, 2019.

/s/  *J. Michael Fields*
J. Michael Fields
N.C. State Bar I.D. No.:  018170
E-mail:  jmf@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 8088
Greenville, NC  27835-8088
Telephone:  252.215.4000
Facsimile:  252.215.4077
Attorneys for Millstream Farming, LLC,
  Millstream Farms, Inc., Seven Mile, LLC, Henry
  Chancy and Laurie Chancy

## COLLATERAL ASSIGNMENT OF EQUIPMENT LEASE AGREEMENT

THIS COLLATERAL ASSIGNMENT OF EQUIPMENT LEASE AGREEMENT (the "Assignment") is made and entered into as of November 10, 2017, by and among WAYNE BAILEY, INC., a North Carolina corporation ("Lessor"); MILLSTREAM FARMS, INC., a North Carolina corporation, MILLSTREAM FARMING, LLC, a North Carolina Limited Liability Company, SEVEN MILE, LLC, a North Carolina Limited Liability Company, and HENRY CHANCY and LAURIE CHANCY (collectively, "Assignee"); and VETTE INVESTMENTS, LLC, a North Carolina limited liability company ("Lessee"). Collectively, Lessor, Assignee and Lessee are referred herein as the "Parties" and each is individually referred to as a "Party".

RECITALS:

WHEREAS, Lessor is indebted to Assignee pursuant to one or more loan agreements, promissory notes, guaranties, leases, instruments and/or documents executed by Lessor and/or others (collectively, along with any and all modifications, amendments, renewals, extensions, substitutions, replacements and novations, the "Loans");

WHEREAS, pursuant to one or more deeds of trust, security agreements, pledges, assignments, instruments and/or documents executed by Lessor and/or others, the Loans are secured by one or more liens on certain real property and personal property described therein, including but not limited to equipment;

WHEREAS, the Loans are past due and in default;

WHEREAS, Lessor and Lessee desire to enter into that certain Equipment Lease Agreement dated November 10, 2017 (along with any and all modifications, amendments, renewals, extensions, substitutions, replacements and novations, the "Lease"), pursuant to which Lessor will lease to Lessee, and Lessee will lease from Lessor, certain equipment described therein (collectively, the "Leased Equipment") under the terms set forth therein and Lessor will grant to Lessee an option to purchase the Leased Equipment under the terms set forth therein; and

WHEREAS, Lessor and Lessee desire for Assignee to consent to the lease of the Leased Equipment pursuant to the Lease and to the granting of the purchase option pursuant to the Lease and for Assignee to forbear from exercising its rights and remedies with respect to the Leased Equipment, and Assignee is willing to do so only upon the terms and conditions set forth below.

NOW, THEREFORE, for and in consideration of the mutual promises and covenants contained herein, the Parties hereby agree as follows:

1.  Assignment. As additional security for all debts, liabilities and obligations of every type and description which Lessor may now or at any time hereafter owe to Assignee, whether or not reasonably contemplated by the Parties as of the date hereof (collectively, the "Obligations"), Lessor hereby collaterally assigns to Assignee all of Lessor's right, title, and interest in and to the following-described property, now owned and hereafter acquired, all rights, remedies, benefits and privileges related thereto, and all proceeds thereof: The Lease and any and all rights to receive payment thereunder, including but not limited to the right to receive payment of rent thereunder and the right to receive payment of the option price upon closing of the purchase option thereunder.

1

2. **Payment to Assignee.** Lessor hereby irrevocably authorizes and directs Lessee to pay, and Lessee shall pay, directly to Assignee, at 1131 Timothy Road, Dunn NC 28334 (or at such other address as Assignee from time to time may direct), as and when as they become due, all payments now or hereafter owed to Lessor under the Lease (including but not limited to payments of rent thereunder and the payment of the option price upon closing of the purchase option thereunder) unless and until Assignee notifies Lessee in writing that all Obligations have been paid in full. Lessor shall not give to Lessee any demand, notifications or instructions contrary to the foregoing. Assignee shall apply payments received by Lessee toward the Obligations in such manner as Assignee may determine in its discretion.

3. **Property and Casualty Insurance.** Lessee at its own expense shall carry property and casualty insurance on the Leased Equipment in the amount of $300,000 with a deductible of not more than $500 naming each of Lessor and Assignee as an additional insured. Lessee shall maintain a current certificate of insurance, showing coverage as required herein, endorsed to show each of Lessor and Assignee as an additional insured on the insurance policies, and showing that such insurance may not be cancelled or materially modified except on fifteen (15) days prior notice to each of Lessor and Assignee. Lessee agrees to abide by all of the terms and conditions of said insurance and to notify the insurer, Lessor and Assignee of any accident or occurrence involving any of the Leased Equipment immediately, by telephone, and thereafter to promptly report to them in writing all relevant facts relating thereto. Lessee, its agents and employees shall use commercially reasonable efforts to cooperate with Lessor, Assignee and Lessee's insurer in the investigation, prosecution and/or defense of any claim or suit arising therefrom and shall take no action that might reasonably be anticipated to impair or invalidate the applicable insurance coverage.

4. **Inspection.** Each of Lessor and Assignee shall have the right to inspect the Leased Equipment from time to time during the term of the Lease, at any reasonable time and on reasonable notice during normal business hours, and Lessee shall not withhold or conceal the Leased Equipment from Lessor's or Assignee's representatives.

5. **Retention of Liens on Collateral.** The taking of this Assignment by Assignee shall not effect the release of its liens on the Leased Equipment or on any other collateral now or hereafter held by Assignee as security for the Obligations, nor shall the taking of any additional security for the Obligations hereafter effect a release or termination of this Assignment or any terms or provisions hereof.

6. **Forbearance.** For so long as Lessee complies with all of its obligations under the Lease and this Assignment, including but not limited to the direct payment to Assignee of all rent under the Lease and the direct payment to Assignee of the option price upon the exercise of the purchase option and the closing of the purchase option under the Lease, Assignee shall forbear from attempting to take possession of the Leased Equipment.

7. **Release of Liens on Leased Equipment.** Upon Lessee's compliance with all of its obligations under the Lease and this Assignment, including but not limited to the direct payment to Assignee of all rent under the Lease and the direct payment to Assignee of the option price upon the exercise of the purchase option and the closing of the purchase option under the Lease, Assignee shall release its liens on the Leased Equipment.

2



8. **Binding Effect.** This Assignment shall be binding on and inure to the benefit of the heirs, personal representatives, successors and assigns of the Parties.

9. **No Party Deemed Drafter.** This Assignment is the product of mutual negotiations among the Parties and in the case of ambiguity may not be construed against any Party as the drafter. Additionally, each Party acknowledges it has had the opportunity to consult with counsel of its choosing with regards to this Assignment and has either done so or freely elected not to do so.

10. **Entire Agreement.** This Assignment constitutes the entire agreement among the Parties with respect to the subject matter hereof. Any change or modification to the Lease or this Assignment must be in writing and signed by all of the Parties.

11. **Attorney's Fees.** If any Party initiates legal proceedings against another Party or Parties hereunder, the substantially prevailing Party will be entitled to recover, in addition to all amounts due, its reasonable fees and expenses for attorneys and other professionals that are relevant to the proceedings.

12. **Execution: Counterparts and Facsimile.** This Assignment may be executed in any number of counterparts, each of which shall be deemed to be an original as against any Party whose signature appears thereon, and all of which shall together constitute one and the same instrument. This Assignment shall become binding when one or more counterparts hereof, individually or taken together, shall bear the signatures of all of the Parties reflected hereon as the signatories. Delivery of an executed counterpart of a signature page to this Assignment by facsimile or in electronic format (including portable document format) shall be as effective as delivery of a manually executed counterpart of this Assignment.

IN WITNESS WHEREOF, the Parties have caused this Assignment to be executed by their duly authorized representatives as of the day and year first above written.

**WAYNE BAILEY, INC.**

By: _/s/ Ge D. Wooten_
Name: George G. Wooten
Its: President


**VETTE INVESTMENTS, LLC**

By: _____
Name: Jason Chaney
Its: Manager

3

8.  Binding Effect. This Assignment shall be binding on and inure to the benefit of the heirs, personal representatives, successors and assigns of the Parties.

9.  No Party Deemed Drafter. This Assignment is the product of mutual negotiations among the Parties and in the case of ambiguity may not be construed against any Party as the drafter. Additionally, each Party acknowledges it has had the opportunity to consult with counsel of its choosing with regards to this Assignment and has either done so or freely elected not to do so.

10. Entire Agreement. This Assignment constitutes the entire agreement among the Parties with respect to the subject matter hereof. Any change or modification to the Lease or this Assignment must be in writing and signed by all of the Parties.

11. Attorney's Fees. If any Party initiates legal proceedings against another Party or Parties hereunder, the substantially prevailing Party will be entitled to recover, in addition to all amounts due, its reasonable fees and expenses for attorneys and other professionals that are relevant to the proceedings.

12. Execution: Counterparts and Facsimile. This Assignment may be executed in any number of counterparts, each of which shall be deemed to be an original as against any Party whose signature appears thereon, and all of which shall together constitute one and the same instrument. This Assignment shall become binding when one or more counterparts hereof, individually or taken together, shall bear the signatures of all of the Parties reflected hereon as the signatories. Delivery of an executed counterpart of a signature page to this Assignment by facsimile or in electronic format (including portable document format) shall be as effective as delivery of a manually executed counterpart of this Assignment.

IN WITNESS WHEREOF, the Parties have caused this Assignment to be executed by their duly authorized representatives as of the day and year first above written.

**WAYNE BAILEY, INC.**

By: _____
Name: George G. Wooten
Its: President


**VETTE INVESTMENTS, LLC**

By: _____
Name: Jason Chaney
Its: Manager

**MILLSTREAM FARMS, INC.**

By: _/s/ Henry F. Chancy_
Name: Henry F. Chancy
Its: President

**MILLSTREAM FARMING, LLC**

By: _/s/ Henry F. Chancy_
Name: Henry F. Chancy
Its: Member/Manager

**SEVEN MILE, LLC**

By: _/s/ Henry F. Chancy_
Name: Henry F. Chancy
Its: Member/Manager

_/s/ Henry F. Chancy_
HENRY CHANCY

_/s/ Laurie Chancy_
LAURIE CHANCY

4