UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| IN RE: )<br>)<br>WAYNE BAILEY, INC., )<br>)<br>        Debtor )<br>)<br>_____ )<br>)<br>SP FUNDING, LLC, )<br>        Plaintiff, )<br>)<br>v. )<br>)<br>GEORGE G. WOOTEN, JR., )<br>)<br>    and )<br>)<br>WAYNE BAILEY, INC., )<br>        Defendants. )<br>_____ )<br>)<br>WAYNE BAILEY, INC., )<br>        Plaintiff, )<br>)<br>v. )<br>)<br>SP FUNDING, LLC, )<br>        Defendant. )<br>_____ ) | CASE NO.: 18-00284-5-SWH<br>Chapter 11<br><br><br><br><br><br><br><br>ADVERSARY PROCEEDING<br>NO. 18-00066-5-SWH<br><br><br><br><br><br><br><br><br>ADVERSARY PROCEEDING<br>NO. 18-00037-5-SWH |

**OBJECTION BY TULL HILL FARMS, INC. TO DEBTOR'S MOTION
TO APPROVE COMPROMISE WITH SP FUNDING, LLC**

Tull Hill Farms, Inc. ("Tull Hill"), by and through its undersigned counsel, hereby respectfully objects to the Debtor's Motion to Approve Compromise with SP Funding, LLC [DE 975] ("Motion"). In support of this Objection, Tull Hill shows unto the Court as follows:

1

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. 157 (b)(2).

2. The Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on January 21, 2018 and its Plan of Reorganization has been confirmed.

3. SP Funding, LLC ("SPF") filed a PACA Claim, Claim No. 85, in the amount of $1,036,212.74, on April 13, 2014 (the "PACA Claim"). A second claim was filed by SPF on May 25, 2018 as a general unsecured claim, Claim No. 120, which included the PACA Claim within the amount sought.

4. Tull Hill, together with a number of other parties, also assert PACA claims against the Debtor. Tull Hill's claim was denied and that matter is currently on appeal at the District Court. Upon information and belief at least three other PACA claimants, whose claims were denied upon objection by SPF, the Debtor, and/or CFG Financial Services, LLC ("CFG"), also have appeals pending at the District Court in connection with the denial of their PACA claims. None of the appeals have been resolved.

5. Upon information and belief, if all contested PACA claims are ultimately allowed, the Debtor's bankruptcy estate will not have sufficient cash to satisfy these claims and pending claims asserting administrative expense priority.

6. Moreover, a cursory review of the record in the Debtor's bankruptcy proceeding, including the prior objections to the SPF claim and the SPF claim itself, reveal the following obvious flaws with the assertion of a PACA claim by SPF:

    a. There is no evidence SPF holds a PACA license, which is a prerequisite to the assertion of a valid PACA claim.

  b. It is unclear how the Debtor's sale of sweet potatoes *to* SPF creates a PACA claim in SPF's favor, when such a claim would ordinarily originate with SPF's sale of sweet potatoes *to* the Debtor. The contract attached to SPF's Claim No. 85 does not support the assertion of a PACA claim by SPF, and the facts alleged in the other attachments to that claim only appear to support a cause of action for breach or perhaps conversion of potatoes owned by SPF. In any event there is no indication that the Debtor was (i) a purchaser of produce from SPF or (ii) an agent operating as a seller of produce on behalf of SPF, and therefore no basis to conclude that SPF asserts anything other than an unsecured claim against the Debtor.

  c. There is an insider relationship between CFG and SPF. For example, a "Carolina Financial Group, LLC," identified as the managing member of SPF, is the party that submitted Claim No. 85 on behalf of SPF and the signature on Claim No. 85 appears identical to the signature of Bruce Roberts on the settlement agreement between the Debtor and SPF that is the subject of the Debtor's Motion.

  d. CFG is the largest secured creditor of the Debtor. It stands to reason that if PACA trust assets are not subject to CFG's security interests then this Court should closely scrutinize why an obviously improper PACA claim is being given preferential treatment by the Debtor in order to divert trust assets from legitimate PACA claimants to an entity owned by CFG.

7. In considering whether to approve a compromise, a bankruptcy court should "apprise [itself] of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form and educated

estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties in collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424, 88 S.Ct. 1157, 1163-64, 20 L. Ed. 2d 1, 9-10 (1968).

8. Under this standard there is no basis to conclude that if litigated, the PACA claim of SPF could withstand scrutiny.

9. Moreover, as recognized by the objection of Millstream Farming, LLC, an essential element of the compromise is that a portion of SPF's recovery from PACA trust assets will be shared with or paid to Debtor's counsel in partial satisfaction of outstanding administrative fees and expenses, effectively giving Debtor's counsel a priority in the PACA trust funds ahead of other PACA claimants.

10. Tull Hill therefore objects to the Motion on the grounds that the proposed settlement is not fair and equitable, does not satisfy the standards articulated by Anderson as set forth above and is not in the best interests of the Debtor's estate.

WHEREFORE, Tull Hill prays unto the Court as follows:

1. That a hearing be conducted on the Motion and this Objection.

2. That the Motion be denied.

3. That Tull Hill have such other and further relief as the Court deems just and proper.

5

Respectfully submitted, this the 10th day of June, 2019.

                                      AYERS & HAIDT, P.A.

                                      /s/ David J. Haidt
                                      By: David J. Haidt
                                      N.C. State Bar #22092
                                      Attorneys for Tull Hill Farms, Inc.
                                      Post Office Box 1544
                                      New Bern, North Carolina   28563
                                      (252) 638-2955
                                      (252) 638-3293 Facsimile
                                      davidhaidt@embarqmail.com

CERTIFICATE OF SERVICE

I hereby certify that I this day have served a copy of foregoing OBJECTION upon the other parties to this action by electronic service via CM/ECF, or regular mail, postage prepaid, this 10th day of June, 2019:

| | | |
|---|---|---|
| Wayne Bailey, Inc.<br>P.O. Box 467<br>Chadbourn, NC  28431 | Laurie B. Biggs<br>Attorney for Debtor<br>*Served via CM/ECF* | Trawick H. Stubbs, Jr.<br>Attorney for Debtor<br>*Served via CM/ECF* |
| Brian Behr<br>Attorney for Bankruptcy<br>  Administrator<br>*Served via CM/ECF* | John C. Bircher, III<br>Trustee for Debtor<br>*Served via CM/ECF* | Gregory B. Crampton<br>Attorney for Debtor<br>*Served via CM/ECF* |
| Mark A. Amendola<br>Attorney for SP Funding,<br>  LLC<br>*Served via CM/ECF* | SP Funding, LLC<br>Attn:  Carolina Financial<br>  Group, LLC, its<br>  Managing Member<br>100 Elks Club Road<br>Brevard, NC  28712 | |

DATED: June 10, 2019

AYERS & HAIDT, P.A.

By:    /s/ David J. Haidt
David J. Haidt
N.C. State Bar No. 22092
307 Metcalf Street
Post Office Box 1544
New Bern, NC 28563-1544
Telephone: (252) 638-2955
Facsimile: (252) 638-3293