**SO ORDERED.**

**SIGNED this 29 day of July, 2019.**



_____
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

| | |
|---|---|
| IN RE: | |
| WAYNE BAILEY, INC. | CASE NO. 18-00284-5-SWH |
| | CHAPTER 11 |
| DEBTOR. | |
| JOHN C. BIRCHER, III, PLAN TRUSTEE FOR WAYNE BAILEY, INC. and WAYNE BAILEY, INC., | |
| *Plaintiffs*, | |
| vs. | AP NO. 19-00028-5-SWH |
| MATT BROWN d/b/a MATT BROWN FARMS, | |
| *Defendant*. | |

### ORDER APPROVING SETTLEMENT AND COMPROMISE
### WITH MATT BROWN d/b/a MATT BROWN FARMS

**THIS MATTER** coming before the Court upon the *Motion for Approval of Settlement and Compromise with Matt Brown d/b/a Matt Brown Farms* (the "Settlement Motion") filed by Movants JOHN C. BIRCHER, III, PLAN TRUSTEE FOR WAYNE BAILEY, INC. (the "Plan Trustee") and WAYNE BAILEY, INC. (the "Debtor") (the Plan Trustee and the Debtor are

collectively referred to herein as, "Plaintiffs" or "Movants"), seeking approval of the settlement and compromise reached with MATT BROWN d/b/a MATT BROWN FARMS ("Brown" or "Defendant") (the Debtor, the Plan Trustee, and Brown are collectively referred to herein as, the "Parties" and individually as, "Party"), regarding claims for relief asserted in the above-captioned adversary proceeding that was filed against Brown.

The Parties desire to fully compromise, finally settle, and fully release all claims, disputes and differences against one another and have agreed to resolve this matter as set forth below. The entry of this Order, however, constitutes neither a retraction by the Debtor or the Plan Trustee of any claims made against Brown nor an admission of any liability and/or any wrongdoing by either.

Based upon the record, and based upon the agreement reached between the Parties, the Court makes the following **FINDINGS OF FACT** and **CONCLUSIONS OF LAW**:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Likewise, this Court possesses the authority to hear and adjudicate this matter pursuant to the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984.

2. The Debtor, a corporation formed and existing under the laws of the State of North Carolina, with a principal place of business in Chadbourn, Columbus County, North Carolina, is a fourth-generation family business engaged in the growth, packing, marketing, shipping, and sale of sweet potatoes, of which it sells more than 100 million pounds annually, filed a voluntary petition seeking relief under chapter 11 of the Bankruptcy Code on January 21, 2018 (the "Petition Date"), BK Case No. 18-00284-5-SWH, in the United States Bankruptcy

2

Court for the Eastern District of North Carolina (the "Bankruptcy Court" or "Court") (collectively, the "Bankruptcy Case").

3. Defendant is an individual citizen and resident of Conway, South Carolina, who operates a sole proprietorship referred to as, "Matt Brown Farms," with a principal place of business located in Conway, South Carolina.

4. Within ninety (90) days prior to the Petition Date (the "Preference Period"), the Debtor remitted payments to, or for the benefit of, Brown totaling $20,000.00 (collectively, the "Transfers").

5. In the Bankruptcy Case, Brown filed a PACA Proof of Claim, Claim No. 131, in the amount of $30,860.44 (the "Brown Claim"), to which the Debtor objected. On July 26, 2018, the Court entered an Order Allowing Debtor's Objection to PACA Claim No. 131 Filed by Matt Brown (the "Brown Claim Objection Order"), which denied the underlying unsecured claim as one eligible for protection under the Perishable Agricultural Commodities Act, Pub. L. 71-325, 46 Stat. 531, as codified in Chapter 20A of Title 7 of the United States Code ("PACA").

6. On October 2, 2018, and in the Bankruptcy Case, this Court entered an Order Confirming First Amended Plan of Reorganization [BK D.E. 655] (the "Confirmation Order"), which confirmed the First Amended Plan of Reorganization [BK D.E. 459] proposed by the Debtor, as amended and modified (the "Plan") (the Plan and the Confirmation Order are collectively referred to herein as, the "Confirmed Plan").

7. On March 27, 2019, the Plan Trustee and the Debtor, under the provisions of the Confirmed Plan, commenced an adversary proceeding against Brown with this Court, Adv. Pro. No. 19-00028-5-SWH (the "Adversary Proceeding"), by and through the filing of a Complaint [D.E. 1] (the "Complaint"), seeking the following:

A. Avoidance, recovery, and preservation for the benefit of the estate, the Transfers—totaling $20,000.00—that were made to Brown within the ninety-day period preceding the filing of the Bankruptcy Case, as preferential transfers pursuant to §§547(b) and 550 of the Bankruptcy Code and, in the alternative, as constructively fraudulent transfers pursuant to § 548 of the Bankruptcy Code and/or the Uniform Voidable Transfers Act, N.C. Gen. Stat. § 39-23.1 et seq. (the "UVTA"); and

B. Disallowance of any claim of Brown in the Bankruptcy Case, including the proof of claim, Claim No. 131, filed by Brown in the amount of $30,860.44, and referred to herein as, the "Brown Claim," pursuant to § 502(d) of the Bankruptcy Code and Rule 3007(b) of the Federal Rules of Bankruptcy Procedure.

(the claims for relief and remedies sought in the Adversary Proceeding, by and through the Complaint, are collectively referred to herein as, the "Claims").

8. A copy of the Complaint, along with the Summons in an Adversary Proceeding [D.E. 2] (the "Summons") issued by the Court, were served upon Brown in accordance with Rules 4 and 5 of the Federal Rules of Civil Procedure.

9. On May 24, 2019, Brown filed an Answer [D.E. 6], responding to the allegations advanced by Plaintiffs in the Complaint and asserting several defenses to liability under §§ 544, 547, 548, and 550 of the Bankruptcy Code, as well as the UVTA.

10. Brown denies the allegations contained in the Complaint, and does not believe that any of the Transfers should be avoided as preferential or constructively fraudulent under §§ 544, 547, and 548 of the Bankruptcy Code, or that any of the relief sought should be awarded by the Court.

11. Following, the commencement of the Adversary Proceeding, and the filing of the Complaint, the Parties engaged in extensive negotiations and settlement discussions, which resulted in them reaching a resolution of all issues and controversies between them, which is memorialized in the Settlement Agreement and Release of Claims (the "Settlement Agreement"), a copy of which was attached to the Settlement Motion as <u>Exhibit A</u> and is incorporated herein by reference.

12. Based upon the foregoing, and the record in the Bankruptcy Case and the Adversary Proceeding, the settlement and resolution memorialized in the Settlement Agreement a sound exercise of the business judgment of the Debtor and the Plan Trustee, and is otherwise in the best interests of the Debtor, the Plan Trustee, the bankruptcy estate, creditors, and parties interest, and should be approved pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

**NOW THEREFORE,** based on the foregoing, including the agreement of the Parties memorialized in the Settlement Agreement, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

1. The Settlement Motion is **ALLOWED** and the compromise and settlement memorialized therein between the Debtor, the Plan Trustee, and Brown, is hereby **APPROVED.**

2. Brown, within fourteen (14) calendar days of the Effective Date (the "Settlement Payment Date"),[1] shall pay to the Debtor and the Plan Trustee, the sum of **TEN THOUSAND DOLLARS AND NO CENTS ($10,000.00)** (hereinafter the "Settlement Amount" or the "Settlement Payment") by certified, bank, or official check or other good funds, made payable, and delivered, to STUBBS & PERDUE, P.A., as counsel for the Debtor and the Plan Trustee.

---

[1] The "Effective Date" is defined, pursuant to the Settlement Agreement, as the date upon which the last Party executes and affixed their respective signature thereto.

The Settlement Amount shall be inclusive of all amounts, attorneys' fees and expenses, interest, fees, costs, and charges sought by the Debtor and the Plan Trustee in the Complaint and the Adversary Proceeding by way of the Claims.

3. The Brown Claim, filed by Brown in the Bankruptcy Case, in the amount of $30,860.44, shall be **ALLOWED** as a general unsecured claim, and be entitled to receive any pro rata distribution or dividend to which it is entitled, on account of the Brown Allowed Claim, under the Confirmed Plan.

4. Brown, pursuant to the terms of the Settlement Agreement, **WAIVES** any and all right to file a claim, under § 502(h) of the Bankruptcy Code, in the Bankruptcy Case, relating to the Settlement Payment.

5. No later than seven (7) calendar days following entry of an Order by the Court approving the terms and conditions of this Settlement Agreement, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, counsel for the Debtor, the Plan Trustee, and Brown shall draft, prepare, and file a Joint Stipulation of Dismissal with Prejudice (the "Joint Stipulation of Dismissal"), in a form that effectuates a voluntary dismissal of all the Claims against Brown, set forth in the Complaint and in the Adversary Proceeding, with prejudice, and with the Parties to bear their own costs and expenses, including attorneys' fees.

6. In return for the mutual promises and consideration, the Parties, on behalf of themselves, their officers, directors, shareholders, partners, subsidiaries, agents, subcontractors, parent corporations, affiliated corporations, successors, executors, heirs and assigns hereby release and discharge each other, including each other's employees, representatives, officers, directors, shareholders, partners, subsidiaries, agents, subcontractors, parent corporations, related corporations, affiliates, attorneys, affiliated corporations, successors, executors, heirs and assigns

from any and all claims, demands, causes of action, obligations, damages, liens and liabilities of any nature whatsoever, whether known or unknown, which either of the Parties had, now have, claims to have, or may have in the future, against any of the other which arise directly or indirectly from, or are related to, or are based in whole or in part on, the Complaint and any issues or disputes raised, or could have been raised, in the Adversary Proceeding, and any other claims that they may have against each other related thereto, or arising therefrom, except that the Parties are not released from their obligations pursuant to the terms of the Settlement Agreement.

7. The Parties shall be authorized to execute any and all formal documents and undertake any additional measures in order to implement the terms and provisions of this Order, including the Settlement Agreement, formalizing the settlement and resolution of the Adversary Proceeding and providing the Parties with full releases of any and all claims they may have against one another, including the Claims in the Adversary Proceeding and the Brown Claim, arising in the Bankruptcy Case.

8. The Court shall retain jurisdiction to interpret, construe, enforce, or resolve any disputes or controversies arising from or related to, this Order and the Settlement Agreement executed by the Parties.

**END OF DOCUMENT**